815 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas James YANASAK, Petitioner-Appellant,
v.
Richard SEITER and Harry K. Russell, Respondents-Appellees.
 No. 86-3504.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Thomas James Yanasak appeals the district court's denial of his petition for a writ of habeas corpus. For the reasons discussed below, we affirm.
 
 
 2
 On June 14, 1978, petitioner was arrested and charged with one count of aggravated murder in connection with the death of Carol Smith. On June 15, petitioner requested and received two court-appointed attorneys. On July 3, the prosecutor filed a bill of information charging petitioner with aggravated murder. Later that day, petitioner appeared in court with his attorneys and was advised of his right to proceed upon the information or have the matter presented to a grand jury for indictment. Petitioner then waived his right to indictment. Before the petitioner entered his waiver of indictment, the court advised him that if he were indicted for aggravated murder, with specifications, he could face a possible death sentence. The court was in error in advising the petitioner that he faced the possibility of the death penalty because approximately two hours prior to this hearing the United States Supreme Court had declared Ohio's death penalty statute unconstitutional. See Lockett v. Ohio, 438 U.S. 586 (1978); see also Bell v. Ohio, 438 U.S. 637 (1978).
 
 
 3
 After signing a written waiver of indictment, the petitioner entered a plea of no contest. After assuring itself that the petitioner's plea was made intelligently and voluntarily, the court accepted the plea and a verdict of guilty was entered on the plea. On August 14, 1978, the court conducted a sentencing hearing and asked both petitioner and his counsel whether there was any reason why it should not proceed with sentencing and whether either wished to make a statement. Both replied in the negative and the court sentenced petitioner to life imprisonment.
 
 
 4
 Petitioner then filed an appeal with the Ohio Court of Appeals, alleging that his plea was involuntary and unintelligent. The court of appeals affirmed the trial court on December 20, 1978, and the Ohio Supreme Court denied leave to appeal on April 12, 1979. Petitioner then sought post-conviction relief from the trial court. Such relief was denied on August 11, 1979. No appeal was taken from this denial of post-conviction relief.
 
 
 5
 On April 18, 1985, petitioner filed a petition for a writ of habeas corpus with the United States District Court for the Northern District of Ohio, raising two grounds for relief: 1) that his plea of no contest to aggravated murder was involuntary and made on the basis of false information and 2) that he was denied the effective assistance of counsel. The district court assigned the petition to a magistrate, who issued a report and recommendation in which he recommended that the petition be dismissed because the ineffective assistance of counsel claim was unexhausted. The petitioner then filed a motion to amend the petition, seeking to delete the ineffective assistance of counsel claim, and have the court proceed on the merits of the single remaining claim. The court granted the motion, struck the unexhausted ground from the petition and again referred the matter to the magistrate. On March 26, 1986, the magistrate issued his second report and recommendation, recommending denial of the petition. On April 23, 1986, the district court issued a memorandum opinion and order adopting the magistrate's report and recommendation and denying the petition for a writ of habeas corpus.
 
 I.
 
 6
 Petitioner asserts that his plea of no contest was not voluntarily and intelligently made because he entered the plea in order to avoid the death penalty even though, unknown to him, Ohio's death penalty statute had been declared unconstitutional some two hours before he entered his plea. He contends that the court and the prosecutor were aware of this change in the law but did not inform him of it. Petitioner's contention that the court and prosecuting attorney were aware of the change in the law is unsupported by the record. The Supreme Court's decision was announced about two hours before petitioner entered his plea. The district court noted that "it is highly unlikely that the trial court or either counsel could have then been aware of that ruling." This appears to be a reasonable conclusion. The short period of time between the filing of the decision in Lockett and the petitioner's plea hearing makes it extremely unlikely that either the prosecutor or the trial court was aware of the Lockett decision at the time petitioner entered his plea and deliberately failed to apprise him of the change in the law.
 
 
 7
 "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970); see also Boykin v. Alabama, 395 U.S. 238 (1969). "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976) (cite omitted).
 
 
 8
 The facts of this case are quite similar to the facts of Brady. In Brady, the petitioner contended that because he had pled guilty in order to avoid a death penalty that was later ruled unconstitutional, his plea was invalid. The Court rejected this argument, noting that "a plea of guilty is not invalid merely because entered to avoid the possibility of a death penalty." Id. at 755. The Court went on to note that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Id. at 757.
 
 
 9
 The petitioner seeks to distinguish his case from Brady by arguing that Brady involved a plea made prior to a judicial decision changing the relevant law, whereas his plea was made after a decision that changed relevant law. Upon reviewing the circumstances of the petitioner's plea we find that the plea was indeed made intelligently and voluntarily. His contention that his plea was based solely on a misapprehension of the law is unfounded. This conclusion is strongly supported by the fact that at his sentencing hearing held six weeks after his plea, and after he was well aware of the change in law, petitioner made no motion to withdraw his plea. This convinces us that the plea was motivated by more than fear of the death penalty.
 
 
 10
 In summary, we hold that the petitioner's plea was made intelligently and voluntarily. The record is clear that the trial court conducted a full and proper inquiry into whether the plea was voluntary and intelligent. Under such circumstances, the district court properly denied the petition for habeas relief.
 
 
 11
 Accordingly, its judgment is AFFIRMED.